STATE v. GEORGE W. EUBANKS.

(Filed 8 March, 1911.)

1. **Cities and Towns—Fire Department—Building and Repairing—Permit—Interpretation of Statutes.**
     The chief of a fire department, who is also the inspector, in incorporated towns of one thousand inhabitants or more, is authorized to issue a permit to the owner of property to build or to repair buildings thereon. Revisal, secs. 2986, 3010.

2. **Same—Ordinance—Conflicting Requirements.**
     When an owner of property in an incorporated town of one thousand or more inhabitants has obtained from the chief of the fire department, or inspector, of that town a permit to repair a building on his property, in accordance with the provisions of Revisal, 2986, 3010, he is not subject to indictment for violating an ordinance of the town in not first getting a permit to repair from the board of aldermen of the town; for the town cannot by ordinance make an act illegal which is legal under our statutes. *Quere:* If there is no conflict between the ordinance and the statute, does *S. v. Tenant,* 110 N. C., 609, apply?

APPEAL from *Ward, J.,* at September Term, 1910, of CRAVEN.

The defendant was tried before the mayor of the city of New Bern upon a warrant charging the violation of Ordinance 168, which is as follows:

"SEC. 168. That it shall be unlawful for any person to erect or build in the said fire district any building or construction composed of wood or built out of lumber. That it shall be un-

lawful in the said fire district for any person to add to or repair any building already erected in the said district without permission of the board of aldermen, which shall be granted only upon a hearing after a report thereupon in writing to the next meeting of the board of aldermen. That it shall be unlawful for any person to begin to erect or repair any building or construction above referred to, continue the building, erection, or repair of any such building which has, may, or shall have been commenced or begun now or hereafter. That any violation of any of the provisions of this ordinance shall subject the owner of the land, the tenant thereof, and each person engaged in such work, to a fine of $50 or to imprisonment for thirty days, and each day's continuance thereof shall be constituted and held to be a separate offense."

From the judgment of the mayor, defendant appealed to the Superior Court, and there the jury returned the following special verdict:

"We, the jury impaneled to try the above-named defendant for the charge and offense as contained in the warrant issued by McCarthy, mayor of the city of New Bern, on appeal by said defendant to this court, for repairing a certain building within the fire district of the city of New Bern without first having obtained the consent of the board of aldermen of the said city, do, upon all the evidence before us, find the following facts:

"1. We find that the said city of New Bern passed and adopted an ordinance establishing and defining fire limits within the said city, which included the principal business portions of the said city, and included a certain frame or wooden building owned by the defendant within said fire limits as aforesaid. Said city being a municipal corporation duly incorporated by virtue of the Private Laws 1899, ch. 82, as amended by chapter 61, Private Laws, Session of 1907, ratified 12 February, 1907.

"2. We find that the said building, prior to the warrant so issued, was damaged by fire, and the roof and rafters thereon burned, rendering the same unfit for occupancy.

"3. We find that the Insurance Commissioner of the State of North Carolina, in accordance with chapter 506, sec. 35, Laws of 1905, sent copies of the said subchapter to the mayor and chief of the fire department of the said city of New Bern, as required by section 3011 of the Revisal of 1905, and said city did not, on or before the first day of July, 1905, by resolution, exempt such city from the operations of said subchapter, and said Insurance Commissioner caused a certified copy of said subchapter to be mailed to the said mayor or chief of police of said city within thirty days after the ratification of the said act, as required therein.

"4. That on the .... day of .........., 19.., the said city of New Bern, through its board of aldermen, in session duly and regularly assembled, passed and adopted the ordinance duly published, as required by law, in words and figures hereto attached.

"5. That there is and was at the time of the offense charged in said warrant a regularly elected (by the fire department of the city of New Bern under the charter of such fire companies) chief of the fire department of the said city of New Bern, and that the said city did not appoint a local inspector of buildings in said city.

"6. We find that prior to the commission of the offense charged in the warrant, that the defendant, before beginning to make repairs to said building or cause any work to be done thereon, made application for and obtained from the chief of the said fire department of said city a permit and license therefor, in the words and figures hereto attached.

"7. We find that after the date of the issue of the said license or permit the said defendant, through his agents, servants, and employees, began to repair said building, and to place thereon the repairs and materials as allowed by the license or permit so issued to him, as aforesaid, without having applied to or obtained the consent of the said board of aldermen, as under said ordinance hereinbefore recited, or without having applied for said permission, as by said ordinance required.

"8. Therefore, we, the jury so impaneled, upon the fore-

going facts so found, do return our verdict thereon as follows:

"That if the facts so found constitute in law the offense with which said defendant is charged, then we find said defendant guilty as charged in the warrant aforesaid. But if the facts so found do not in law constitute the offense with which the defendant is so charged, we find the defendant not guilty."

Upon the special verdict, his Honor declared the defendant not guilty, and the State appealed.

*Attorney-General Bickett and G. L. Jones for the State.*
*Guion & Guion for defendant.*

ALLEN, J., after stating the case: Chapter 73, subchapter 11, of the Revisal, regulates building in incorporated cities and towns having a population of more than one thousand, and it is operative in the city of New Bern, under the findings in the special verdict.

Under the provisions of section 2986 of that chapter the chief of the fire department, who is the inspector, is authorized to issue a permit to the owner of property to build, and we think this includes the power to authorize repairs to be made. If, however, this power was in doubt, it seems to be made clear by the latter part of section 3010, which reads as follows:

"No building now or hereafter built shall be altered until it has been examined and approved by the inspector as being in a good and safe condition to be altered as proposed, and the alterations so made shall conform to the provisions of the law."

We do not think section 1, chapter 61, Private Laws of 1907, amending the charter of New Bern, is in conflict with this view. It provides that the city may pass ordinances regulating the condemnation of buildings, their repair, and the erection of future buildings. This power was reserved under section 3008 of chapter 73, subchapter 11. It does not, in terms or by implication, take from the inspector the power to grant permits to repair, and is not inconsistent with the general law. The purpose of both is to protect the property of the citizen, and the city of New Bern has the power to adopt reasonable

regulations, not only to enforce the provisions of the Revisal, but in addition thereto. The inspector is chief of the fire department of New Bern, selected by its authorities and acquainted with its needs. It cannot be a bad public policy to entrust him with the power to grant permits to build or repair, guided and controlled as he will be by the law from which he derives his authority and by the valid ordinances of the city.

The defendant acted in accordance with the laws of the State, and the city of New Bern cannot by ordinance make an act illegal which is legal under our statutes. If there was no conflict between the ordinance and the statute, it is not certain that the ordinance does not come within the condemnation of *S. v. Tenant,* 110 N. C., 609.

The judgment is
Affirmed.